UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT ROTHMAN,

       Plaintiff,

v.                               Case No. 8:23-cv-2969-SDM-NHA

BANK OF AMERICA
CORPORATION, et al,

       Defendants.

_____/

## **ORDER**

I deny without prejudice the joint motion to stay discovery (Doc. 30).

On December 27, 2023, Plaintiff Robert Rothman filed a lawsuit against Defendants Bank of America Corporation; Bank of America, National Association; Merrill Lynch, Pierce, Fenner, & Smith Incorporated; BofA Securities, Inc.; and U.S. Trust Company of Delaware. Compl. (Doc. 1). The action relates to Plaintiff's partial ownership of the Washington Commanders and Defendants' handling of loans to the Washington Commanders and purported withholding of information from Plaintiff. *Id*. Plaintiff brings seven claims: (1) a claim for breach of fiduciary duties, (2) a claim for civil damages stemming from criminal conspiracy, (3) a civil RICO claim, and (4) a claim for conspiracy by coercion, (5) a claim for aiding and abetting a co-owner's breaches

of fiduciary duties, (6) a negligent misrepresentation claim, and (7) a negligence claim. *Id.*

The parties now jointly move to stay discovery for 60 days. Doc. 30. The sole basis offered for the stay is that Defendants anticipate filing a motion to dismiss later this month. *Id.* at 2.

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997*); see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate [judge] has broad discretion to stay discovery pending decision on a dispositive motion."). Nonetheless, the Court must "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Thus, motions to stay discovery are generally disfavored "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). A delay in discovery may also result in witnesses' memories fading, and in the enlargement of the temporal scope—and associated expense—of discovery.

In determining whether a stay of discovery pending resolution of a dispositive motion is nevertheless warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will

be granted and eliminate the need for discovery. *See Feldman*, 176 F.R.D. at 652. Here, the parties request a stay of 60 days, because Defendants intend to file a motion to dismiss later this month. Doc. 30. The parties provide no insight into how the 60-day period was selected. Additionally, the parties provide no information concerning the forthcoming motion to dismiss, such as whether it would be wholly dispositive of all claims or whether, if successful, Plaintiff could cure any deficiencies by amendment. *See* Doc. 30. Nor have the parties identified a basis for a stay beyond the forthcoming motion.

For these reasons, the joint to stay discovery (Doc. 30) is DENIED WITHOUT PREJUDICE.

ORDERED on March 6, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge