**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Robert Rothman,

      Plaintiff,

v.                                                    Case No: 8:23-CV-02969

Bank of America Corp., et al.,

      Defendants.

---

**DEFENDANTS' MOTION TO MODIFY**
**CASE MANAGEMENT AND SCHEDULING ORDER TO ALLOW FOR**
**SUMMARY JUDGMENT AND TO SET A TRIAL DATE CERTAIN**

Defendants respectfully seek the Court's assistance in addressing a pressing scheduling challenge. A month after fact discovery closed and after the parties had served expert reports, Plaintiff Robert Rothman moved to amend his Complaint to assert an entirely new theory of negligent misrepresentation seeking over $100 million in damages that had not previously been at issue. The Court allowed amendment on May 11, 2026, after the parties' deadline for summary judgment motions had passed. Defendants now face a difficult position: they must prepare to defend against a substantial new claim without the benefit of discovery, and, with the September trial term approaching but no date certain set, cannot ensure lead trial counsel's availability consistent with other, potentially conflicting trial commitments in other courts. A slight modification of the Case Management and Scheduling Order, however, would allow Defendants a fair opportunity to respond

1

to these new allegations while preserving the Court's ability to bring this matter to an efficient resolution.

Defendants (the "Bank") therefore respectfully move this Court to modify the Case Management and Scheduling Order (1) to permit targeted summary judgment briefing on Plaintiff's new negligent misrepresentation claim; and (2) to set a date certain for trial.

**ARGUMENT**

The Bank respectfully requests that the Court modify the Case Management and Scheduling Order to allow for summary judgment briefing on Rothman's eleventh-hour amendment to his negligent misrepresentation claim. The Bank also requests that the Court set a date certain for trial.

## I.    Modification to Summary Judgment Schedule

Pursuant to the current Case Management and Scheduling Order, ECF 99, the parties filed motions for summary judgment on April 30, 2026. ECF 266, 279. On May 11, 2026, the Court allowed Rothman to amend his Second Amended Complaint to add new allegations and a new theory of damages seeking more than $100 million in damages. ECF 298. These damages had not previously been at issue in any of Rothman's claims, and there has been no fact or expert discovery about them. Rothman filed a Third Amended Complaint on May 22, 2026, ECF 316, but that Complaint contained paragraphs not permitted by this Court's Order. Plaintiff thus filed a Fourth Amended Complaint on May 29, 2026. ECF 327.

Given that Rothman's new allegations did not exist when the summary judgment deadline passed, it was impossible for Defendants to move for summary judgment on the newly amended negligent misrepresentation claim. Rule 16(b)(4) permits modifications to the Case Management and Scheduling Order for good cause and with court consent. Fed. R. Civ. P. 16(b)(4). Here, good cause exists because Rothman's Fourth Amended Complaint was not filed at the time of summary judgment briefing, making it "impossible for the Court's schedule to be met despite the diligence of Defendants." *Hurtado v. Raly Dev., Inc.*, 281 F.R.D. 696, 699 (S.D. Fla. 2012) (internal quotations omitted) (finding good cause where Defendants could not have timely filed given Plaintiff's eleventh-hour amendment). After the Court allowed amendment, both parties contemplated summary judgment briefing on Rothman's new allegations in their respective proposed scheduling orders submitted to Judge Adams in advance of the parties' June 4, 2026 case management conference. ECF 329, 329-1, 334, 330-6.

As Judge Adams recognized during the parties' case management conference on June 4, Plaintiff's new allegations hinge on the interpretation of plain contractual language. *See* June 4, 2026 Hr'g Tr. at 3-4. This makes an additional, targeted motion for summary judgment particularly appropriate. Without this procedural tool, the parties and the Court would be forced to expend significant resources trying a claim that can and should be summarily resolved. However, Defendants recognize the need to move expeditiously and are prepared to file a motion for summary judgment less than two months after Rothman filed

3

his Fourth Amended Complaint. Defendants would agree to expedited briefing and condensed page limitations to ensure the Court can efficiently evaluate the parties' positions in advance of trial.

Defendants respectfully request that the Court enter the following schedule for limited additional summary judgment briefing solely on Rothman's new negligent misrepresentation allegations:

| Filing | Page Limit | Due Date |
|---|---|---|
| Limited Motions for Summary Judgment | 15 | 7/10/2026 |
| Oppositions to Motions for Summary Judgment | 10 | 7/24/2026 |
| Replies in Support of Motions for Summary Judgment | 7 | 7/31/2026 |

## II.   Trial Date Certain

The Bank also respectfully requests a date certain for the start of trial.  It makes this request for three reasons.

*First*, as previewed for the Court in Defendants' Position on the Schedule Modification, ECF 329-1, the Bank's lead trial counsel in this case, Ms. Enu Mainigi, also is lead trial counsel in one trial immediately before and one trial immediately after September 2026. Specifically, she is counsel in a seven-week trial in *State of Washington v. Rite Aid Corp., et al.*, Case No. 22-2-20910-1 SEA, in the King County Superior Court in Washington State, which is scheduled to start trial on July 13, 2026 and predicted to end on or about September 1, 2026. The Judge in that case recently asked the parties if they could hold the entire first week of September should that case run long. In addition, Ms. Mainigi is lead trial

4

counsel in a two-week trial in *Albertsons Companies, Inc. v. The Kroger Co.*, C.A. No. 2024-1276-LWW, in the Delaware Court of Chancery, which is scheduled to start on October 19, 2026 and predicted to end on or about October 30, 2026. Both of these trial dates are firm.

A date certain would help resolve lead trial counsel's scheduling conflicts. If it were certain that trial started on September 14, 2026, for example, there would be no conflict. Without a date certain, however, managing all three cases and avoiding trial conflicts is far more difficult.

***Second***, most of the Bank's trial witnesses are located out of state—primarily in North Carolina and New York—and need advance notice to travel to Florida to testify.

***Third***, nearly all of the Bank's counsel is located in Washington, DC. The Bank will incur a substantial expense to move its trial team to Florida, which will increase significantly if that team must move to Florida in late August and remain idle, yet on standby ready to begin at any time, possibly through late September. The Bank's counsel also must secure hotel accommodations for an appropriate period well in advance of August.

For all these reasons, the Bank respectfully requests a date certain within the September trial term. If a date certain is impracticable for the September 2026 trial term, however, Defendants would also have substantial flexibility to begin trial on a date certain in December 2026, January 2027, or the first half of February 2027. And whether in September or otherwise, if it helps facilitate receiving a trial

date certain, Defendants would consent to the Magistrate Judge's jurisdiction for trial and all pending and pre-trial motions.

## CONCLUSION

For the foregoing reasons, the Bank respectfully requests the Court to modify the Case Management and Scheduling Order and set a date certain for trial.

Respectfully submitted,

*/s/ Enu A. Mainigi*
Enu A. Mainigi, Lead Counsel *(Pro Hac Vice)*
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
emainigi@wc.com


*/s/ Michael S. Hooker*
Michael S. Hooker  |  FBN 330655
Phelps Dunbar LLP
100 South Ashley Drive, Suite 2000
Tampa, FL 33602
(813) 472-7866
Michael.Hooker@phelps.com

*Counsel for Defendants*

Date: June 11, 2026

## **Certificate of Service**

I hereby certify that, on this 11th day of June 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which will send electronic notice of filing to all counsel of record.

*/s/ Enu A. Mainigi*
Enu A. Mainigi (*Pro Hac Vice*)
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
emainigi@wc.com
*Counsel for Defendants*

7

## Local Rule 3.01(g) Certification

In accordance with M.D. Fla. Local Rule 3.01(g), Bank of America's counsel conferred with Plaintiff's counsel via phone call, including on June 10, 2026. While the parties agree to reciprocal summary judgment briefing on Plaintiff's amended negligent misrepresentation claim, the parties do not agree upon page limitations for those filings. Plaintiff also does not consent to Defendants' proposal for a date certain during the September 2026 trial term before Judge Merryday.

Respectfully submitted,

*/s/ Allison Eisen*
Counsel for Defendants

Date: June 11, 2026

## Local Rule 3.08(b) Certification

Pursuant to Local Rule 3.08(b), undersigned counsel certify that their clients, Defendants in the case, consent to the continuance of the trial date.

Respectfully submitted,

*/s/ Enu A. Mainigi*                          */s/ Michael S. Hooker*
Enu A. Mainigi, Lead Counsel *(Pro Hac Vice)* Michael S. Hooker | FBN 330655
Williams & Connolly LLP                       Phelps Dunbar LLP

*Counsel for Defendants*

Date: June 11, 2026

8