UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT ROTHMAN,

Plaintiff,

v. CASE NO. 8:23-cv-02969-SDM-NHA

BANK OF AMERICA CORPORATION, *et al.*,

Defendants.
___________________________________/

**ORDER**

An earlier order (Doc. 378) resolves that Rothman "failed to establish a joint representation privilege between himself and Black Diamond Capital that allows him to claim attorney-client privilege over his communications about this litigation with Black Diamond Capital's officers." Rothman objects (Doc. 379) and the defendants respond (Doc. 384) in opposition to Rothman's objection.

**BACKGROUND**

A March 6, 2026 order (Doc. 233) grants in part two motions by the defendants to compel production by Rothman of certain documents. The March 6 order addresses, among other documents, communications sent to and from Michael Rothman and Scott Atwood, Rothman's son and son-in-law (each of whom works for Black Daimond Capital), pertaining to an earlier action by Rothman against Dan Snyder. The March 6 order states, "The motion is GRANTED to the extent that I

find that Plaintiff has not carried his burden of showing there was any common *legal* interest between him, his son, and his son-in-law." (Doc. 233 at 1) (emphasis in original)

On July 2, 2026, Rothman objected (Doc. 350) to the special master's finding that seventy-one documents included in Rothman's privilege log were not privileged. One subset of the seventy-one documents deemed by the special master not privileged is communication sent to or from Michael Rothman and Scott Atwood pertaining to this action. At a hearing on August 3, 2026, the magistrate judge explained that although Rothman had "certainly demonstrated" at the March 6 hearing "a shared financial interest" between Rothman, his son, and his son-in-law, Rothman had "failed to demonstrate . . . [a] shared legal interest." (Doc. 366 at 18) Recognizing that the March 6 hearing and resulting order concerned communication pertaining to a different action, the magistrate judge provided Rothman an opportunity to demonstrate a common legal interest sufficient to confer a joint-client privilege over the communications pertaining to this action.

When asked during the August 3 hearing to define Black Diamond's legal interest in this action, counsel for Rothman stated:

> "Well, Mr. Rothman owns -- as the Court knows, owns Black Diamond. There is a financial interest for Mr. Rothman and ultimately for Black Diamond. Black Diamond is a family office, if you will, and to the extent that any recovery in this case would impact Mr. Rothman, financial as it is, it would also impact Black Diamond."

(Doc. 366 at 38) A declaration by Rothman submitted (Doc. 363-1) in support of Rothman's objection to the special master's report and in support of Rothman's

assertion of privilege states that both Betras Kopp, LLC, and Smith, Gambrell & Russell, LLP, were engaged to represent Rothman and Black Diamond. The magistrate judge directed Rothman to file the engagement letters and stated, "I'm going to reserve ruling on the communications that relate to the present litigation that do include Atwood or Rothman or employees at Black Diamond for now. I will wait to review those document[s]." (Doc. 366 at 41)

Near the conclusion of the August 3 hearing counsel for Rothman stated, "I just would like to also reserve on the issue of the scope of the representation within the current litigation, the ability to request an evidentiary hearing . . . to the extent that testimony may be needed outside of the filings, I would like to reserve that right." (Doc. 366 at 46) The magistrate judge responded, "I will think about that. I will tell you though . . . I think everyone here has implicitly or explicitly stated that the scope of the representation is determined by an engagement letter, and so I imagine that we'll be able to decide this . . . on the papers." (Doc. 366 at 46–47)

On August 10, 2026, Rothman moved (Doc. 367) to "submit the engagement letter(s) and related materials" for an in-camera review and moved (Doc. 368) for clarification. Rothman argued that "in camera review is necessary because requiring Rothman to file engagement letter(s) would result in the disclosure of privileged and confidential information protected by Florida law," and that under Florida law attorney-client fee arrangements are privileged and confidential.

An August 12, 2026 order grants Rothman's motion (Doc. 368) for clarification and denies Rothman's motion (Doc. 367) to submit "the engagement letter(s)

and related materials" for an in-camera review. The August 12 order (Doc. 370 at 5–6) explains:

> Plaintiff cannot simultaneously declare the joint representation, argue that it shields him from production obligations, and then claim that the evidence demonstrating the existence or contours of the joint representation is secret.
>
> Plaintiff has the burden of demonstrating he is entitled to the privilege he invokes. He has presented no basis on which the evidence supporting the privilege is, itself privileged.

(citations omitted)

On August 13, 2026, Rothman filed (Doc. 371) a "submission to establish joint representation" and attached the declaration of Steve Brust, the declaration of Brian P. Kopp, and three covers of seal for exhibits Rothman intended file. Contemporaneously, Rothman moved (Doc. 372) to seal the submission's three attachments: (1) an engagement letter between Black Diamond and Smith, Gambrell & Russell, LLP; (2) an "invoice for legal services rendered by SGR on behalf of Black Diamond Capital"; and (3) an engagement letter between Betras Kopp, LLC, Robert Rothman, and Black Diamond.

An August 14, 2026 order (Doc. 374) denies without prejudice Rothman's motion to seal and states:

> Plaintiff redacts his submissions in support of his claim to joint representation privilege. He does not invoke or make any showing to demonstrate that sealing the redacted submissions is appropriate under Local Rule 1.11. He further offers to provide unredacted versions of the submissions for in-camera review. Doc. 371. The Court previously denied his request for in-camera review, and Plaintiff provides no additional information suggesting such review would be appropriate. The Court shall consider the redacted letters filed on the docket.

A September 11, 2026 order (Doc. 378) resolves Rothman's objection (Doc. 350) to the special master's report and recommendation. After thoroughly considering (1) a declaration (Doc. 363-1) by Rothman stating that he engaged Betras Kopp, LLC and Smith Gambrell & Russell LLP to represent in this litigation both himself and Black Diamond; (2) a declaration by Steve Brust stating that Smith Gambrell & Russell LLP represented both Rothman and Black Diamond and that "Black Diamond specifically sought . . . legal advice . . . [that] track[s] many of the allegations made by Plaintiff [in this litigation]"; (3) a declaration by Brian Kopp stating that Betras Kopp, LLC, "jointly represented Rothman and Black Diamond related to the investigation of claims against Bank of America"; (4) an August 16, 2017, engagement letter between Black Diamond and Smith Gambrell & Russell LLP for unspecified matters; and (5) a March 8, 2023 engagement letter by Betras Kopp, LLC, addressed to "Mr. Robert Rothman[,] Black Diamond Capital," signed by Robert Rothman twice (once in his personal capacity and once on behalf of Black Diamond) that states "You employ [Betras Kopp, LLC] . . . to provide legal representation to you (hereinafter "Client") pertaining to the client's ownership of the NFL franchise . . . ."; (6) the defendants' proffer of uncontested deposition testimony by Scott Atwood and Michael Rothman denying any involvement in this action; (7) the defendants' proffer of uncontested deposition testimony by Scott Atwood that he believed he could not speak to Rothman about the lawsuit; (8) a preservation notice by Betras Kopp identifying only Rothman as the client, and (9) argument by the parties the

September 11 order determines that Rothman fails to establish a joint-client privilege or common legal interest with Black Diamond.

## DISCUSSION

Rothman objects (Doc. 279) to the September 11 order (Doc. 378) "insofar as it holds that Plaintiff failed to establish a joint representation and common legal interest between Plaintiff and Black Diamond Capital" and to the extent that the order requires Rothman to produce allegedly non-responsive documents identified as Tabs 2, 4, 5, 6, 11, 12, 15, 34, 46, 48, and 49. In the objection, Rothman argues (1) that the engagement letters, each declaration, and "counsel's clarification at the hearing" establish the existence of a common legal interest sufficient to confer a joint-client privilege, (2) that the magistrate judge should have permitted Rothman an evidentiary hearing before determining that Rothman failed to establish a common legal interest with Black Diamond, and (3) that the September 11 order erroneously requires Rothman to produce non-responsive documents identified as Tabs 2, 4, 5, 6, 11, 12, 15, 34, 46, 48, and 49.

### I. Joint-client privilege and common legal interest

Because Florida law governs the action, Rothman argues that the magistrate judge erred by relying on *F.D.I.C. v. Ogden Corp.*, 202 F.3d 454, 461 (1st Cir. 2000), which applies Massachusetts law, in determining that Rothman failed to establish a common legal interest with Black Diamond. However, Rothman fails to explain why Florida law compels a different result.

The September 11 order resolves Rothman's claim to two different concepts of the attorney-client privilege. (Doc. 378 at 16 n. 2 "Plaintiff has interchanged the terms "common interest privilege" and "joint representation privilege." Doc. 350. While these are generally different legal concepts (with "common interest privilege" involving clients represented by different lawyers and "joint representation" involving clients represented by the same lawyer), a joint representation privilege is nonetheless limited by "the extent of the legal matter of common interest." *In re Teleglobe Commc'ns Corp.,* 493 F.3d 345, 363 (3d Cir. 2007), as amended (Oct. 12, 2007).) The September 11 order cites the standard for joint-client privilege articulated *In re Pearlman*, 381 B.R. 903 (Bankr. M.D. Fla. 2007) (Briskman, J.),[1] and explains that a party claiming the joint-client privilege must establish two elements: "First, one attorney (or law firm) must represent multiple clients . . . . Second, the representation and communication must relate to a matter of the clients' shared legal interest, not simply their shared financial interest." (Doc. 378 at 19–20) After analyzing and explaining thoroughly why each engagement letter (Docs. 372-1 and 372-3) fails to establish joint representation of Rothman and Black Diamond as to this action, the September 11 order provides the Florida law standard for determining if a lawyer-client relationship exists in the absence of a formal retainer:

> The test Florida courts have used to determine whether a lawyer-client relationship exists in the absence of a formal retainer "is a subjective one and 'hinges upon the client's belief that he is *consulting* a lawyer in

[1] "A joint client privilege is recognized when one attorney simultaneously represents two or more clients on a matter of common legal interest and their communications relate to the subject matter of the joint representation." Like to September 11 order, Rothman, in his objection, relies on *In re Pearlman* for the standard. (Doc. 379 at 3)

> that capacity and his *manifested intention* is to seek professional legal advice.' However, '[t]his subjective belief must ... be a reasonable one.'

*Jackson v. BellSouth Telecommunications*, 372 F.3d 1250 (11th Cir. 2004) (citations omitted). Applying the test articulated in *Jackson* and considering the defendants' uncontradicted proffer that (1) senior officers of Black Diamond Scott Atwood and Michael Rothman denied any involvement in the action and (2) that Atwood testified to a belief that he could not speak to Rothman about the action, the September 11 order determines that Black Diamond held no subjective belief in joint representation with Rothman as to this action. "If Black Diamond believed itself represented jointly with Plaintiff on the matters in this lawsuit, it seems that the senior officers who were aware of this lawsuit would know so and would feel able (if not compelled) to discuss it." (Doc. 378 at 22) Accordingly, the September 11 order determines that Rothman has not established a joint-client privilege with Black Diamond. In the objection, Rothman raises no persuasive argument that the magistrate judge's analysis under *In re Pearlman* and *Jackson* constitutes clear error (or any error at all).

The September 11 order next considers the requirement of a common legal interest: "Nonetheless, even if Black Diamond had engaged Plaintiff's counsel relating to this litigation, Plaintiff has not shouldered his burden of establishing that the relevant 'communications [were] made in the course of the attorney's joint representation of a common interest of the two parties,' meaning they had an identical (or nearly identical) legal interest as opposed to a merely similar interest. *F.D.I.C. v. Ogden Corp.*, 202 F.3d 454, 461 (1st Cir. 2000) (citations omitted)." (Doc. 378 at 22–23)

(cleaned up) Although Rothman objects to the magistrate judge's reliance on *Ogden*, Rothman identifies no case applying Florida law that supports the position that a financial interest is sufficient to constitute a common legal interest. Further, the magistrate judge not only determined that Rothman failed to show an "identical or (nearly identical) legal interest," but also determined that Rothman failed to show any common legal interest. The September 11 order states, "Finally, given the opportunity to do so, Plaintiff has not identified any shared *legal* interest. *See* Doc. 366 pp. 19–24, 386; Doc. 371-1 ¶¶ 11, 12 (failing to identify any specific shared legal interest); Doc. 371-2 ¶¶ 8, 10 (same); *see also S. Bell Tel. & Tel. Co. v. Deason,* 632 So. 2d 1377, 1383 (Fla. 1994) ("The burden of establishing the attorney-client privilege rests on the party claiming it.")." The magistrate judge considered each matter of record identified by Rothman in the objection — "the engagement documents, the sworn declarations, and counsel's clarification at the hearing" — and determined that Rothman failed to establish a common legal interest with Black Diamond. The magistrate judge's determination is not clear error (or any error at all).

**II. Evidentiary hearing**

Rothman argues that the magistrate judge erred by not permitting Rothman an evidentiary hearing and by denying Rothman's motion to submit certain documents for an in-camera review. The September 11 order determines after oral argument and after careful consideration of uncontradicted record material that Rothman fails to establish a joint-client privilege or a common legal interest with Black Diamond. The September 11 order does determine credibility (such as, between two conflicting

affidavits), for which an evidentiary hearing is typically appropriate. Rothman identifies no support for his purported entitlement to an evidentiary hearing. And neither is Rothman entitled to submit documents for an in-camera review without leave of court based on some showing necessity. The magistrate judge's decision to consider the information ascertainable from each redacted document submitted by Rothman and to determine Rothman's entitlement to privilege on the papers is not clear error (or any error at all).

**III. The "non-responsive" documents**

Rothman objects to the September 11 order's requiring production of documents identified as Tabs 2, 4, 5, 6, 11, 12, 15, 34, 46, 48, and 49. A *sua sponte* order (Doc. 383) clarifies:

> The Court did not intend to order, as Plaintiff interprets (Doc. 379), that Plaintiff produce the documents at these Tabs. Rather, the Court understood that the documents should be removed from the privilege log because they were non-responsive, consistent with the Special Master's recommendations.

Therefore, to the extent that Rothman's objection relates to production of Tabs 2, 4, 5, 6, 11, 12, 15, 34, 46, 48, and 49, Rothman's objection is moot.

## CONCLUSION

A review of the earlier order (Doc. 378) reveals no clear error (or any error at all). Rothman's objection (Doc. 379) is **OVERRULLED**. Within **THREE DAYS** after the date of this order, Rothman must comply in all respects with the September 11 order.

ORDERED in Tampa, Florida, on September 28, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE